UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| SUSAN WALLS, | ) |
| *Petitioner*, | ) Case No. 4:22-cv-42 |
| v. | ) Judge Atchley |
| GLORIA FISHER, | ) Magistrate Judge Lee |
| *Respondent*. | ) |

## MEMORANDUM OPINION

This is a pro se petitioner's federal habeas action filed pursuant to 28 U.S.C. §2254. On September 14, 2022, the Court entered an Order providing Petitioner thirty (30) days to pay the $5.00 filing fee in this action [Doc. 5]. Petitioner has not complied with that Order, and the time for doing so has passed. Accordingly, for the reasons set forth below, this action will be **DISMISSED**.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the petitioner "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less

>    drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Petitioner's failure to timely comply with the Court's previous Order was due to Petitioner's willfulness or fault. Specifically, it appears that Petitioner received the Order but chose not to comply or otherwise communicate with the Court. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's Order has not prejudiced Respondent, as she has not been served. As to the third factor, the Order warned Petitioner that failure to timely pay the filing fee would result in the dismissal of this action [Doc. 5 at 1]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Petitioner has failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Petitioner's pro se status prevented her from complying with the Court's Order, and Petitioner's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, the Court concludes that the relevant factors weigh in favor of dismissal of this action pursuant to Rule 41(b).

The Court must now decide whether to grant Petitioner a certificate of appealability ("COA"). A COA should issue where a petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is dismissing this petition on procedural grounds because Petitioner failed to prosecute this action and comply with a Court Order. Reasonable jurists could not find that this dismissal is debatable or wrong. Accordingly, a COA shall not issue.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**