UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| SUSAN WALLS, | ) | |
| *Petitioner*, | ) ) ) | Case No. 4:22-cv-42 |
| v. | ) ) | Judge Atchley |
| GLORIA FISHER, | ) ) | Magistrate Judge Lee |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Susan Walls' pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 2], and Respondent's motion to dismiss the petition as time-barred [Doc. 12]. Petitioner has not filed a response to the motion, and the deadline to do so has passed [*See* Doc. 9 p. 2]. For the reasons articulated below, Respondent's motion will be granted, and the petition will be dismissed with prejudice.

I.     RELEVANT FACTUAL AND PROCEDURAL HISTORY

A Bedford County jury convicted Petitioner of first-degree premeditated murder [Docs. 11-2 and 11-3]. Following a sentencing hearing, Petitioner was sentenced to a total effective sentence of life imprisonment without the possibility of parole to be served in the Tennessee Department of Correction. [*Id*.]. On direct appeal, the Tennessee Court of Criminal Appeals ("TCCA") reversed the judgments of the trial court and remanded the case for a new trial, holding that the trial court erred by allowing the jury to continue to deliberate into the late-night hours. *State v. Walls*, No. M2014-10972-CCA-R3-CD, 2016 WL 1409836, at *1 (Tenn. Crim. App. Apr. 7, 2016), *perm. app. granted* (Tenn. Nov. 9, 2017). The TCCA determined that Petitioner's remaining grounds for relief were meritless. *Id*. at *10, *18, *21, *25, *28.

In response to the TCCA's ruling, the State filed an application for permission to seek discretionary review [Doc. 11-10]. The Tennessee Supreme Court granted the application [Doc.

11-11], and the discretionary appeal was limited to the issue of whether the trial court erred in allowing the jury to engage in "late-night trial proceedings." *State v. Walls*, 537 S.W.3d 892, 894 (Tenn. 2017). On November 9, 2017, the Tennessee Supreme Court issued its opinion reversing the TCCA, holding that the TCCA erred in concluding the late-night proceedings required reversal of Petitioner's convictions. *Id*. Petitioner did not file a writ of certiorari in the United States Supreme Court following this decision.

Thereafter, Petitioner filed a pro se petition for post-conviction relief that was later amended by appointed counsel [Doc. 11-17 p. 1-9; 10-12]. The petition was executed on May 26, 2018 [Doc. 11-17 p. 9] and was purportedly given to prison authorities for mailing on May 29, 2018 [*Id*. at 8]. Following an evidentiary hearing, the post-conviction court denied relief [Doc. 11-17 p. 15-23]. Petitioner appealed this adverse decision to the TCCA [Doc. 11-18]. The TCCA affirmed the judgment of the post-conviction court. *See Walls v. State*, No. M2019-00809-CCA-R3-PC, 2020 WL 6937614, at *6 (Tenn. Crim. App. Nov. 25, 2020). Petitioner did not seek discretionary review in the Tennessee Supreme Court.

On September 9, 2022, this Court received Petitioner's pro se petition for habeas relief under 28 U.S.C. § 2254 [Doc. 2]. In the certificate of service, Petitioner represented that she placed the petition in the prison mailing system on September 6, 2022 [*Id*. at 10].

After a series of events irrelevant to the disposition of this motion, Respondent complied with a Court Order to respond to Petitioner's petition and submitted relevant portions of Petitioner's State-court record [*See* Docs. 9, 11, 12].

## II. LEGAL STANDARD

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The issue of whether Respondent's motion should be granted turns on the statute's limitation period, which provides:

2

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

## III. ANALYSIS

Petitioner's conviction became "final" on February 7, 2018, which is the time Petitioner could have, but failed to, petition for a writ of certiorari in the United States Supreme Court following the Tennessee Supreme Court's November 9, 2017, reversal of the TCCA's remand [Nov. 9, 2017 + 90 days = Feb. 7, 2018]. *See Clay v. United States*, 537 U.S. 522, 527-28 (2003) (holding "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"); *see also* Sup. Ct. R. 13.1 (requiring petition for writ of certiorari to be filed with Supreme Court Clerk within 90 days after entry of order denying discretionary review).

3

Case 4:22-cv-00042-CEA-SKL   Document 14   Filed 01/10/23   Page 3 of 6   PageID #: 436

The following day, February 8, 2018, Petitioner's federal statute of limitations commenced, and it ran for 110 days until it was tolled by Petitioner filing her pro se petition for post-conviction relief in the trial court on May 29, 2018 [Doc. 11-17 p. 8][1]. On November 25, 2020, the TCCA entered its judgment affirming the post-conviction court's denial of relief [Doc. 11-21]. Petitioner did not seek further review in the Tennessee Supreme Court. Therefore, her post-conviction judgment became "final" for purposes of § 2244(d)(2) on January 25, 2021[2], following the expiration of the sixty (60) days during which Petitioner could have, but failed to, seek discretionary review with the Tennessee Supreme Court [Nov. 25, 2020 + 60 days = Jan. 24, 2021]. *See* Tenn. R. App. P. 11(b) (establishing application for permission to appeal to Tennessee Supreme Court must be filed "within 60 days after the entry of the judgment of the . . . Court of Criminal Appeals"). The one-year limitations clock began running again the following day, January 26, 2021, and it expired 255 days later on October 8, 2021 [365 days – 110 days = 255 days].

Petitioner filed her federal habeas petition when she submitted it to prison authorities for mailing on September 6, 2022. *See Houston v. Lack*, 487 U.S. 266, 273 (1988) (holding pro se

---

[1] Petitioner's pro se petition was received by the trial court clerk on August 17, 2018 [Doc. 11-17 p. 1]. Citing Tennessee Supreme Court Rule 28, § 2(G), Respondent claims that this is the proper "filed" date, as a timely post-conviction petition (such as Petitioner's) is deemed filed on the date it was received by the trial court clerk, while the "mailbox rule" deeming a petition filed when it is presented to prison authorities for mailing only applies to untimely post-conviction petitions [Doc. 13 p. 5-6 n. 3]. However, the Court declines to adopt Respondent's argument that the mailbox rule is inapplicable to timely post-conviction filings. *See Frelix v. Perry*, No. 3:22-CV-00178, 2022 WL 2252960, at *2 (M.D. Tenn. June 22, 2022) (applying mailbox rule to determine filing date of timely post-conviction petition based on TCCA opinion in *Dowell v. State*, No. M2016-01364-CCA-R3-PC, 2017 WL 2859010, at *6 & n.3 (Tenn. Crim. App. July 5, 2017)); *also compare Shade v. Washburn*, No. 3:19-CV-051, 2019 WL 3557872, at *1 n.1 (E.D. Tenn. Aug. 5, 2019) (noting Tenn. Sup. Ct. R. 28, § 2(G) "does not specify the date" to deem a pro se prisoner's timely post-conviction "filed") *with Shade v. Washburn*, No. 19-6041, 2019 WL 6793619, at *2 (6th Cir. Dec. 3, 2019) (applying mailbox rule to post-conviction petition that was filed in the trial court four days after it was submitted to prison authorities for mailing). Accordingly, the Court finds Petitioner "filed" her post-conviction petition on the date it was presented to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] The deadline technically expired on Sunday, January 24, 2021, but because the last day to file fell on a weekend, the filing date was carried over to Monday, January 25, 2021. *See* Fed. R. Civ. P. 6(a)(1)(C); Tenn. R. App. P. 21(a).

4

prisoner's notice of appeal filed at moment of delivery to prison authorities for forwarding to district court); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (holding federal habeas application is deemed filed when handed to prison authorities for mailing). Accordingly, Petitioner's federal habeas petition was not timely filed, and the Court can consider its merits only if Petitioner establishes an entitlement to equitable tolling of the limitations period or demonstrates a "credible showing of actual innocence." *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (finding it is the petitioner's burden to demonstrate equitable tolling applies); *see also McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (holding "credible showing of actual innocence" may overcome AEDPA's limitations period).

To establish an entitlement to equitable tolling, a petitioner must demonstrate "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way" to prevent timely filing. *Holland v. Florida,* 560 U.S. 631, 645-49 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To demonstrate actual innocence, Petitioner must present "new reliable evidence. . . that was not presented at trial" that, when considered in conjunction with all the evidence, makes it "more likely than not that no reasonable juror would have convicted h[er] in the light of the new evidence." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Schlup v. Delo*, 513 U.S. 298, 324, 327-28 (1995)).

In her federal habeas petition, Petitioner does not argue her actual innocence or an entitlement to equitable tolling. Instead, Petitioner states that "[she] feels that she falls within the extraordinary circumstances to file under [28 U.S.C. § 2244(d)(2)]" [Doc. 2 p. 9]. Petitioner's argument is one for statutory tolling, which, as set forth above, the Court applied in calculating Petitioner's federal statute of limitations. The Court notes that Petitioner has not set forth any argument for equitable tolling, nor has she asserted or demonstrated a credible showing of her actual innocence. Accordingly, the Court finds that the instant petition is untimely.

5

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Additionally, Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the instant petition is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied.

## V. CONCLUSION

For the reasons set forth above, Respondent's motion [Doc. 12] will be **GRANTED**, and this federal habeas petition will be **DISMISSED** with prejudice. A certificate of appealability will be **DENIED**.

**SO OREDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**